## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS EARL WRIGHT, | ) | |
| ID # 48460-177, | ) | |
| Movant, | ) | No. 3:17-CV-1239-B-BH |
| vs. | ) | No. 3:14-CR-350-B-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Final Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 29, 2019 (doc. 17). Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice.

### I.  BACKGROUND

Thomas Earl Wright (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-350-B-1.  The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

Movant was charged by complaint with knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) on August 7, 2014, and he was later  indicted for that offense on September 4, 2014. (*See* No. 3:14-CR-350-B-1, docs. 1, 27.)  A superseding indictment filed on November 4, 2014, charged him with: (1) possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2 (count one); (2) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C.  §

---

[1]  By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

924(c)(1)(A)(i) (count two); (3) possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2 (count three); and (4) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count four). (*See id.*, doc. 40.) On April 23, 2015, the government filed notice of its intent to seek an enhanced penalty based on Movant's prior conviction for a predicate drug offense. (*See id.*, doc. 57.)

Prior to trial, both the government and the defense filed statements with the Court indicating that the government had communicated a plea offer to Movant's counsel and to Movant in person. (*See id.*, doc. 78; doc. 91.) At the pretrial conference on August 28, 2015, which Movant attended, the government's attorney explained that a plea offer had been made to Movant in April; it had been "communicated to the defendant" that a notice of enhancement would be filed if there was no response to the offer; that plea offer was similar to the plea offer then on the table; and there was still an opportunity for Movant to cooperate if he pleaded guilty because there was a companion case. (*See* doc. 177 at 4-5, 9-10.)[2] She also clarified that the guideline range between the offers would not be "extremely different," although it could have been if there had been a response, and that the plea offer may not have been different, but there would have been more opportunity for cooperation earlier. (*See id.* at 5.) While discussing scheduling, the government's attorney also made reference to her co-counsel, who practiced in another district. (*See id.* at 11.)[3] In response to the Court's inquiry, she also explained that the penalty range was a minimum of 20 years on the drug count and

---

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] While Movant's case in this district was pending, he was charged by sealed indictment in a related case in the Eastern District of Texas on July 15, 2015, with (1) conspiracy to manufacture or distribute or possess with intent to manufacture or distribute cocaine, cocaine base, or marijuana; and (2) possessing a firearm in furtherance of drug trafficking. *See United States v. Lopez-Vasquez et al.*, Case No. 4:15-CR-129-MAN-CAN (E.D. Tex.).

five years on the gun count, to run consecutively.  (*See id.* at 5-6.)

Movant's counsel essentially told the Court that Movant did not want to enter a plea regardless of his advice.  (*See id.* at 7-8.)  Movant then personally advised the Court that he did not want to accept the plea offer on the table, and that he wanted to go to trial.  (*Id.* at 9-10, 13-14.)  The Court specifically invited Movant to ask any questions or say anything he felt he needed to say, and he said he didn't know what to say, except that he wanted to go to trial.  (*Id.* at 13-14.)  A jury convicted him on all four counts in the indictment on September 4, 2015.  (*See id.*, doc. 108.)

On November 19, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2015 United States Sentencing Guidelines Manual (USSG).  (*See id.,* doc. 118-1 at 7, ¶ 21.)  It grouped counts one and three together under USSG § 3D1.2(d) based on the total quantity of substances involved, and it also grouped count four under USSG § 3D1.1(c) because it embodied conduct that was treated as a specific offense characteristic in the guideline applicable to counts one and three.  (*See id.* at 7-8, ¶ 23.)  Under USSG § 3D1.3, the offense level for the group was determined under the drug distribution guidelines at USSG § 2D1.1 because it produced the highest offense level.  (*See id.*)  Count two was excluded from the grouping because it required a mandatory five-year consecutive sentence.  (*See id.*)  Based on the amount of substances involved, the PSR calculated a base offense level of 30.  (*See id.* at 8, ¶ 24.)  The PSR did not calculate or assess any enhancements or reductions.  (*See id.* at ¶¶ 24-32.)  With a criminal history category of two, the guideline range was 108 months to 135 months of imprisonment.  (*See id.* at 16, ¶ 68.)  The statutory minimum sentence was 20 years, however, so the guideline term of imprisonment was 240 months.  (*See id.*)

At his sentencing on March 31, 2016, Movant testified under oath that he had thoroughly

reviewed the PSR with his attorney, who had gone over everything with him relating to sentencing. (*See id.*, doc. 186 at 3, 5-6.) He continued to maintain his innocence. (*See id.* at 6.)[4] The probation officer stated on the record that the government's notice of enhancement automatically placed Movant at a mandatory minimum of 240 months. (*See id.* at 9-10.) The Court accepted the PSR and sentenced Movant to concurrent sentences of 240 months on count one, 60 months on count three, and 120 months on count four, and to a consecutive sentence of 60 months on count two, for a total term of 300 months; judgment was entered on April 1, 2016. (*See id.,* doc. 186 at 27; doc. 146.)

On April 13, 2016, Movant's appointed counsel filed a notice of appeal, but the appeal was dismissed on May 11, 2016, for want of prosecution. (*See id.,* doc. 152.)[5] On June 29, 2016, new counsel was appointed and directed to file an out-of-time appeal, and he filed a notice of appeal on July 1, 2016. (*See id.,* docs. 161, 163, 164.) The Fifth Circuit Court of Appeals affirmed the judgment on May 19, 2017. (*See id.,* doc. 192); *see also United States v. Wright*, 688 F. App'x. 262 (5th Cir. 2017) (per curiam). Movant did not file a petition for writ of certiorari in the Supreme Court. (*See* 3:17-CV-1239-B-BH, doc. 18 at 4.)

**B.    Substantive Claims**

Movant's first § 2255 motion, signed on May 5, 2017, did not set forth any claims. (*See* doc. 2 at 7-8.) His first amended § 2255 motion, received on May 22, 2017, raised the following grounds:

> (1) His attorney provided ineffective assistance of counsel by failing to make

---

[4]  Following the guilty verdict at his trial, Movant had written a letter to the Court stating, "yet its my life and the Government trying to take it away from me on something thats all a lie that do not have nothing to do with me." (*See id.,* doc. 113 at 1.)

[5]  The indictment in the Eastern District was unsealed on April 13, 2016.  *See Lopez-Vasquez et al.*, No. 4:15-CR-129-MAN-CAN.  Movant eventually pled guilty to the drug conspiracy count, and on June 1, 2017, he was sentenced to a term of 188 months' imprisonment, to run concurrently with his sentence in this case.

him fully aware of his options, notify him of or file motions in a timely matter, or file the correct motions,

(2) His plea of guilty was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and consequences of the plea because his attorney failed to fully explain them, and

(3) His conviction was obtained in violation of the protection against double jeopardy because he would not have been charged with the same drugs in the Eastern District of Texas if his attorney had represented him correctly.

(*See* doc. 4.)  The Government filed a response on August 23, 2017, arguing that each of the claims was conclusory and fatally vague, and that he failed to prove his ineffective assistance of counsel claims.  (*See* doc. 10.)

Movant's reply, received on September 15, 2017, set forth additional facts in support of his claims and also appeared to raise a new claim of ineffective assistance of counsel for failing to convey a plea offer.  (*See* doc. 11 at 9-11.)  By order dated December 28, 2018, the new claim in the reply was liberally construed as a motion for leave to amend the § 2255 motion with the new claim. (*See* doc. 14 at 1.)  To avoid piecemeal consideration of the filings and amendments, the order also directed Movant to file one final amended § 2255 motion within 30 days that set out all of the claims that he intended to assert in this action, regardless of whether they had been previously asserted or were new grounds for relief.  (*See id.* at 1-2.)

Movant's final amended § 2255 motion, with a memorandum of law in support, was signed and mailed on January 23, 2019.  (*See* doc. 17 at 10; doc. 18.)  It raised only the following grounds:

(1) Ineffective assistance of counsel at the pretrial stage because counsel (a) failed to convey how his sentence could be enhanced under the United States Sentencing Guidelines and United States statutes, and (b) failed to convey a favorable plea offer that would have led to "a lesser sentence predicated from two separate federal Indictments i.e., Eastern District and Northern District of Texas."

(2) Ineffective assistance of counsel on appeal because counsel failed to perfect an

appeal after being instructed to do so.

(*See* doc. 17 at 7; doc. 18 at 7-15.)  On February 28, 2019, the Government filed a response to the final amended § 2255 motion and memorandum of law in support.  (*See* doc. 19.)  Movant filed a reply that was received on March 29, 2019.  (*See* doc. 20.)

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

6

### III. STATUTE OF LIMITATIONS

The Government contends that all of the claims in the final amended § 2255 motion are untimely.  (*See* doc. 19 at 10-13.)

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), the judgment was affirmed on April 27, 2017. *See United States v. Collins*, 573 F. App'x. 374 (5th Cir. 2014); (*See* doc. 192). The judgment of conviction became final on July 26, 2017, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Movant therefore had until July 26, 2018 to file his motion.

Movant's original § 2255 motion was mailed on May 5, 2017, and his first amended § 2255

motion was mailed on May 15, 2017, so they were both timely filed.[6]    (*See* doc. 2 at 10; doc. 4 at

10.)  His motion for leave to amend, mailed on September 8, 2017, was also timely.  (*See id.* doc.

11 at 12.)  His final amended § 2255 motion, which was mailed on January 23, 2019, after the

limitations period expired, presented claims that differed from those in his prior filings.  (*See* doc.

4; doc. 11; doc. 17 at 10.)

## A.    Relation Back

Rule 15 of the Federal Rules of Civil Procedure provides for the relation back of

amendments filed after the expiration of the limitations period to the date of the original pleading

where the claim asserted in the proposed amended pleading arises out of the same conduct,

transaction, or occurrence. *See* Fed R. Civ. P. 15(c)(1)(A)-(C); *United States v. Saenz*, 282 F.3d 354,

356 (5th Cir. 2002).   Habeas claims do not automatically arise out of the same occurrence for

purposes of Rule 15 merely because they arise out of the same trial and conviction. *See Mayle v.*

*Felix*, 545 U.S. 644, 655 (2005) (holding that an amended habeas petition under 28 U.S.C. § 2254

"does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new

ground for relief supported by facts that differ in both time and type from those in the original

pleading"); *United States v. Duffus*, 174 F.3d 333, 338 (3rd Cir.1999) ("A prisoner should not be

able to assert a claim otherwise barred by the statute of limitations merely because he asserted a

separate claim within the limitations period."); *see also Sharper v. Dretke*, No.3:01–CV–1405–P,

2004 WL 1074068, at * 4-5 (N.D. Tex. May 12, 2004), *rep. and rec. adopted*, 2004 WL 1348592

(N.D. Tex. June 14, 2004); *Hanna v. United States*, Nos.3:01–CV–2197–H, 2003 WL 203177, at

*1-2 (N.D. Tex. Jan. 27, 2003). Moreover, "[n]ew claims of ineffective assistance of counsel do not

---

[6] Prisoners file their federal pleadings when they place them in the prison mail system.  *See Coleman v. Johnson*, 184
F.3d 398, 401 (5th Cir. 1999).

8

automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision. Rather [courts] must look to whether [the defendant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir.2009) (quoting *Mayle*, 545 U.S. at 650).

Here, Movant's first amended § 2255 motion generally alleges that: (1) his attorney provided ineffective assistance of counsel by failing to make him aware of his options, notify him of or file motions in a timely manner, or file the correct motions; and (2) his plea of guilty was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and consequences of the plea because his attorney failed to explain them.  (*See* doc. 4.)  His final amended § 2255 motion contends in Claim 1(a) that his attorney provided ineffective assistance of counsel by failing to convey how his sentence could be enhanced under the United States Sentencing Guidelines and United States statutes.  (*See* doc. 18 at 7.)  Because Claims 1 and 2 in the first amended § 2255 motion generally allege that his attorney failed to explain, Claim 1(a) in his final amended § 2255 motion can be construed as arising out of the same conduct, so it relates back under Rule 15(c).  *See United States v. Brown*, Nos. 3:03-CR-164-N, 3:06-CV-1830-N(BH), 2008 WL 4791392, at *2 (N.D. Tex. Oct. 31, 2008) (finding that because the movant's initial allegations were so general, his new claim could be construed as arising out of the original bases for relief and therefore related back).  Claim 1(b) in the final amended § 2255 motion, in which he argues that his attorney failed to convey a plea offer, was also set forth in his timely reply, so it also relates back to a timely-filed claim.

Because Claims 1(a) and 1(b) in the final amended § 2255 motion relate back to timely-filed

claims, only Claim 2 regarding appellate counsel's failure to file an appeal appears untimely.

**B.    <u>Equitable Tolling</u>**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

To demonstrate equitable tolling, a federal prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, a movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, the one-year limitations period ended on July 26, 2018. The order dated December 28, 2018, directed Movant to file one final amended § 2255 motion within 30 days that set out all the claims he intended to assert in this action, regardless of whether they had been previously

asserted or were new grounds for relief.  (*See* doc. 14.)  His final amended § 2255 motion was signed on January 23, 2019, within the 30-day time requirement of the order.  (*See* docs. 17, 18.)  In it, Movant argued for the first time that his appellate counsel failed to file an appeal.  On these facts, the Court assumes without deciding that Movant is entitled to equitable tolling for the new claim in his final amended § 2255 motion.  *See Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted where a federal district court extended petitioner's deadline beyond the expiration of the AEDPA grace period).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant alleges that he received ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a

11

petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A. <u>Sentence Enhancement</u>

Movant argues that his attorneys rendered ineffective assistance of counsel by failing "to convey how [his] sentence could or would be enhanced via [the] United States Sentencing Guidelines, as well as [ ] the United States Statutes." (*See* doc. 18 at 7.) He claims that he proceeded to trial because his attorney led him to believe that he was facing a sentencing range of

108 to 135 months, that counsel failed to explain that he faced a mandatory minimum of 240 months, and that he would not have proceeded to trial if they had told him about the mandatory minimum. (*See id.* at 7, 10-13.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 130 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas–Lopez*, 678 F.3d 353, 356–57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted); *see also Lafler*, 132 S.Ct. at 1384. An attorney who underestimates the applicable sentencing ranges is deficient. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months if convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether the alleged misrepresentation was actually made).

Here, Movant's claim that counsel did not tell him about the mandatory minimum is contradicted by the record. He was present at the pretrial conference, during which the government's attorney explained that it had been "communicated to the defendant" in April 2015 that a notice of enhancement would be filed if he did not accept the plea offer on the table. (*See* No. 3:14-CR-350-B-1, doc. 177 at 4-5.) She specifically explained that as a result of the notice of enhancement it ultimately filed, the penalty range was a minimum of 20 years on the drug count and five years on the gun count, to run consecutively. (*See id.* at 5.) The Court specifically gave Movant the opportunity to ask questions or make any statements he wanted to make. (*See id.* at 13-14.) He did not tell the Court that counsel had failed to advise him, or that he did not know, that the government was going to file a notice of enhancement, that it had filed a notice of enhancement, or that he faced a mandatory minimum sentence of 240 months as a result of the enhancement, if he was convicted. (*See id.* at 9-10, 13-14.) He expressed no surprise or disagreement with any of the statements on the record by the government's attorney. He has not brought forward any evidence of deficient performance, only conclusory assertions. Conclusory allegations are insufficient to raise an issue of ineffective assistance of counsel under *Strickland*. *See Miller*, 200 F.3d at 282 (recognizing "conclusory allegations of ineffective assistance of counsel" are insufficient under the *Strickland* standard); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of effective assistance of counsel are insufficient to raise a constitutional issue."); *Woods*, 870 F.2d at 288 n.3 ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

In addition, to demonstrate prejudice when a plea agreement was rejected based on ineffective advice, a defendant must show a reasonable probability that but for the deficient advice:

(1) he would have accepted the plea offer before it was withdrawn by the prosecution; (2) the court would have accepted the terms of the offer; and (3) the conviction or sentence, or both, under the terms of the plea offer would have been less severe than the judgment and sentence that were actually imposed. *Lafler*, 132 S.Ct. at 1385; *Reed*, 719 F.3d at 373. Here, the record reflects that the government's attorney explained the mandatory minimum sentence and expressly stated that a plea offer was still on the table. (*See* No. 3:14-CR-350-B-1, doc. 177 at 4-6.) Again, Movant expressed no surprise to the Court; nor did he state that he would like to explore the plea offer in light of the mandatory minimum. Instead, he personally told the Court that he did not like the plea deal offered by the government, he did not want to accept it, and he would rather go to trial. (*See id.* at 9-10, 13-14.) Moreover, at sentencing, he continued to maintain his innocence. (*See id.*, doc. 186 at 6.) He has not shown that he would have accepted a plea agreement and not proceeded to trial if he had known about the mandatory minimum sentence. Movant has also failed to satisfy this prong of the *Strickland* standard.

**B.   Plea Offer**

Movant next argues that his attorney failed to inform him that the Government had offered a favorable plea agreement in relation to two separate indictments handed down in different districts that concerned the same relevant conduct and would have resulted in him receiving a lesser sentence. (*See* doc. 18 at 5, 7, 9, 12.)

Counsel has the duty to communicate to the client formal, favorable plea bargain offers. *Missouri v. Frye*, 566 U.S. 133, 145 (2012). To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer, that the plea

would have been accepted by the trial court, and that it was a plea to a lesser charge or to a sentence of less prison time. *Id.* at 147. For a claim that counsel was ineffective for causing a defendant to forego a favorable plea offer that was conveyed, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). A defendant must establish that he would have accepted the plea, the prosecution would not have withdrawn it in light of intervening circumstances, the court would have accepted its terms, and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.*

First, Movant has failed to come forward with any evidence that a plea offer was not communicated to him. A movant is not entitled to relief if there is no independent indicia of the likely merit of the allegations that counsel failed to inform him of a plea offer. *See United States v. Gonzalez*, 493 F. App'x 541, 544 (5th Cir. 2012). Second, the transcript of the pretrial conference reflects the prosecutor's explanation of the differences between the original plea offer and the plea offer on the table on that date and her statement regarding the ongoing opportunity to cooperate in a companion case in another district. (*See* No. 3:14-CR-350-B-1, doc. 177 at 4-5, 9-11.) As noted, Movant personally told the Court that he did not want to accept the plea offer, and that he wanted to go to trial. (*Id.* at 9-10, 13-14.) When given the opportunity to ask questions or make any statements that he wanted to make, he did not tell the Court that he was unaware that that the government had made a plea offer that involved the other case. (*See id.* at 9-10, 13-14.) He said he preferred to go to trial than take the plea deal offered by the government. Movant also continued to maintain his innocence at sentencing. (*See id.*, doc. 186 at 6.) Movant has brought forward

nothing suggesting that he would have admitted his guilt and entered a plea to the offer that was on the table that related to the companion case.[7]  His claim fails under both prongs of the *Strickland* standard, and Movant has failed to show that he is entitled to § 2255 relief on this claim.

**C.    Appeal**

Movant argues that after his sentencing on March 31, 2016, he instructed both of his attorneys to perfect an appeal, but neither complied.  (*See* doc. 18 at 14.)

If asked to file an appeal, counsel must do so, even if the appeal would be frivolous or barred.  *See Anders v. State of Cal.*, 386 U.S. 738, 744 (1967) ("[Counsel's] role as an advocate requires that he support his client's appeal to the best of his ability.").  In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court noted that when counsel disregards specific instructions from the defendant to file a notice of appeal, he acts in a manner that is professionally unreasonable.  *Id.* at 477.  "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal[.]" *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

Here, on April 13, 2016, Movant's attorney filed a notice of appeal.[8]  (*See* No. 3:14-CR-350-B-1, doc. 148.)  On May 11, 2016, it was dismissed for failure to prosecute because the appellant failed to order timely transcript(s) and make financial arrangements with the court reporter.  (*See id.,* doc. 152.)  Movant brought the matter to the Court's attention.  (*See id.,* doc. 153.)  On June 29,

---

[7]  Notably, the sentence in the Eastern District case was ordered to run concurrently with the sentence in the Northern District.

[8]  *See* Fed R. App. P. 4(b)(1)(A)(i) ("[A] defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed.").

2016, a hearing was held, and it was determined that Movant's former counsel was at fault for failure to order the transcript(s) and make financial arrangements with the court reporter, which resulted in the appeal being dismissed. (*See id.,* doc. 163 at 1-2.) New counsel was appointed and directed to file a motion for an out-of-time appeal within 14 days. (*See id.*) He filed a notice of appeal on July 1, 2016, and the Fifth Circuit ultimately affirmed the judgment on May 19, 2017. (*See id.,* doc. 192.) Because his case was ultimately appealed and reviewed by the Fifth Circuit, Movant fails to demonstrate prejudice under *Strickland*.

## V. EVIDENTIARY HEARING

Movant requests an evidentiary hearing to resolve the factual disputes before this Court. (*See* 3:17-CV-1239-B-BH, doc. 18 at 15-16.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a

genuine issue. He has also failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 393. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.[9]

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 4th day of November, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9] Movant omitted his double jeopardy/ineffective assistance and involuntary plea claims from his final amended complaint, and his initial reply appears to confirm his intent not to pursue those claims. (*See* doc. 11 at 8-9.) To the extent that he did not intend to abandon them, his involuntary plea claim is without merit because he did not plead guilty and proceeded to trial before a jury. His double jeopardy/ineffective assistance claim also lacks merit because he had not been previously acquitted, convicted, or punished for the same offense at the time of his conviction in this district. "The Double Jeopardy Clause protects against (1) a second prosecution after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *United States v. Paternostro*, 966 F.2d 907, 911 (5th Cir.1992) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Any claim of double jeopardy should have been raised in the Eastern District of Texas, where the second prosecution occurred. *See United States v. Richardson*, 468 U.S. 317, 325 (1984) ("[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event . . . which terminates the original jeopardy.")

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

20