UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS EARL WRIGHT, ) <br> ID #48460-177, ) <br>       Movant, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>       Respondent. ) | No. 3:17-CV-1239-B-BH <br> No. 3:14-CR-350-B(1) |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. Movant Thomas Earl Wright ("Movant") filed objections, and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

### I.

### MOVANT'S OBJECTIONS

Movant objected to the FCR on the following grounds: (1) the FCR overlooked record evidence regarding the communication deficiencies of Movant's counsel that directly supported his claim that counsel was ineffective because counsel failed to communicate a favorable plea offer to him in April 2015 or failed to communicate the terms of the plea offer; and (2) the government failed to establish that Movant's rejection of the April 2015 plea offer was knowing and voluntary. (*See* doc. 29 at 4-7.)

As stated in the FCR, the record evidence establishes that a plea offer was made in person to Movant in April 2015, Movant rejected the plea offer, and at the first pretrial conference, the government's attorney explained the presentation of the April 2015 plea offer to Movant and

disclosed that a notice of enhancement would be filed if the plea offer was rejected, resulting in a minimum penalty range of 20 years on the drug count and 5 years on the gun count. (*See* No. 3:14-CR-350-B-1, doc. 177 at 4-5.) Movant did not comment, disagree, question, or express surprise in response to the statements made on the record by the government's attorney about the April 2015 plea or its terms at the pretrial conference, despite being given the opportunity to do so. (*See id.*, doc. 177 at 13-14.) Movant's objections relating to his counsel's communication deficiencies with the government's counsel and the Court do not establish that the plea offer or its terms were not communicated to him. Nor do they establish that he would have accepted the April 2015 plea offer, especially given that Movant rejected a comparable plea offer available at the first pretrial conference, stated he wanted to go to trial, and continued to maintain his innocence through sentencing. (*See id.*, doc. 177 at 9, 13-14; doc. 186 at 6.) Accordingly, his objections to the FCR based on his counsel's communication issues are overruled.

Movant's argument that the government failed to establish his knowing and voluntary rejection of the April 2015 plea offer by not securing written documentation to that effect is also without merit. Contrary to Movant's arguments, the issue on his § 2255 claim is not whether his rejection of the April 2015 plea offer was knowing and voluntary; the issue is whether his attorneys rendered ineffective assistance of counsel. Movant bears the burden of proof at all times to show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)). Movant's objections to the FCR on this point are also overruled.

Because Movant's objections are overruled, he is not entitled to an evidentiary hearing for the same reasons set forth in the FCR.

## II.

## MOVANT'S NEW ALLEGATIONS

Movant's objections also appear to include new grounds in support of his ineffective assistance of counsel claim based on counsel's lack of preparedness for trial at the first pretrial conference. (*See* doc. 29 at 8.) These new grounds are liberally construed as a motion to amend Movant's final amended § 2255 motion, the motion is granted, and the Court considers the new arguments. *See Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) ("Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading.") (internal citations omitted). Movant argues that because his attorney was not prepared for trial at the first pretrial conference and had not yet reviewed all of the wiretap evidence against Movant, he could not effectively advise Movant to reject the April 2015 plea offer or about the risks of going to trial. (*See* doc. 29 at 8.)

Under *Strickland*, Movant must demonstrate both that counsel's performance was deficient and that the deficient performance caused him prejudice. *Strickland*, 466 U.S. at 687; *Lollar v. Cockrell*, 77 F. App'x 701, 703 (5th Cir. 2003). The record shows that at the time of the first pretrial conference–at which Movant was present–Movant's counsel had not filed pretrial materials based on the expectation that the case would resolve outside of trial in light of the evidence against Movant. (*See* No. 3:14-CR-350-B-1, doc. 177 at 3, 6-8.) Movant's counsel requested a

continuance in order to review wiretap evidence "a little bit more thoroughly" with Movant, additional evidence of which Movant's counsel had not yet reviewed.  (*Id.*, doc. 177 at 3; *see id.*, doc.177 at 6, 8, 12-13.)  The Court granted a continuance to allow counsel to fully prepare for trial.  (*See id.*, doc. 177 at 11-12.)  Movant represented at the pre-trial hearing that he wanted to go to trial and confirmed he had no complaints with proceeding to trial with the continuance.  (*See id.*, doc. 177 at 10, 13-14.)  Notably, at the second pre-trial conference, Movant's counsel submitted and argued pre-trial filings and represented that he was ready to proceed to trial; Movant also confirmed readiness for trial on the record.  (*See generally id.*, doc. 178; *see id.*, doc. 178 at 2, 40.)

Movant has not provided any evidence that his counsel's unpreparedness for trial at the first pretrial conference–which resulted in a continuance–rendered any of his counsel's advice about the April 2015 plea offer or the risks of trial deficient.  Nor are Movant's speculative and conclusory statements sufficient to satisfy his burden under *Strickland*.  *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").  Accordingly, Movant is not entitled to relief under § 2255 or an evidentiary hearing on the newly asserted grounds.

### III.
### CERTIFICATE OF APPEALABILITY

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that

reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event Movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

## IV.

## CONCLUSION

Movant's objections are **OVERRULED** and his newly asserted grounds for relief are without merit. In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. The final amended motion to vacate, set aside, or correct sentence under § 2255 will be denied with prejudice by separate judgment.

---

[1] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

SIGNED this 17th day of August, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE